1   BONNETT, FAIRBOURN, FRIEDMAN
      & BALINT, P.C.
2   ELAINE A. RYAN (*Admitted Pro Hac Vice*)
    VAN BUNCH (*Admitted Pro Hac Vice*)
3   PATRICIA N. SYVERSON (203111)
    LINDSEY M. GOMEZ-GRAY (*Admitted Pro Hac Vice*)
4   2325 E. Camelback Road, Suite 300
    Phoenix, AZ 85016
5   eryan@bffb.com
    vbunch@bffb.com
6   psyverson@bffb.com
    lgomez-gray@bffb.com
7   Telephone:  (602) 274-1100

8   STEWART M. WELTMAN LLC
    STEWART M. WELTMAN (*To be admitted Pro Hac Vice*)
9   53 W. Jackson, Suite 364
    Chicago, Illinois 60604
10  sweltman@weltmanlawfirm.com
      Telephone:  312-588-5033
11  (Of Counsel Levin, Fishbein, Sedran & Berman)

12  SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
    Rose F. Luzon (SBN 221544)
13  401 West 'A' Street, Suite 2350
    San Diego, CA  92101
14  rluzon@sfmslaw.com
    Telephone:  619-235-2416

15  (Additional Counsel on Signature Page)

16
    *Attorneys for Plaintiffs*

17              UNITED STATES DISTRICT COURT

18           SOUTHERN DISTRICT OF CALIFORNIA

19
    YANIRA ALGARIN and PATSY      Case No.:  12CV3000 AJB DHB
20  MURDOCK, On Behalf of Themselves
    and All Others Similarly Situated,    **SECOND AMENDED CLASS
21                                          ACTION COMPLAINT FOR:**
              Plaintiffs,
22                                          1.    VIOLATION OF THE UNFAIR
         v.                                       COMPETITION LAW, Business
23                                                and Professions Code §17200 *et
    MAYBELLINE, LLC, A New York                   seq.*; and
24  Limited Liability Company, d/b/a       2.    VIOLATION OF THE
    MAYBELLINE NEW YORK,                          CONSUMERS LEGAL
25                                                REMEDIES ACT,
                                                  Civil Code §1750 *et seq.*
26            Defendant.
                                            DEMAND FOR JURY TRIAL
27

28

Plaintiffs Yanira Algarin and Patsy Murdock bring this action on behalf of themselves and all others similarly situated against Defendant Maybelline, LLC d/b/a Maybelline New York and state:

## NATURE OF ACTION

1. Maybelline manufactures, markets, sells and distributes SuperStay 24HR Lipcolor™, a line of 30 lipcolor shades,[1] and SuperStay 24HR Makeup™, a line of 12 skin foundation shades,[2] which it sells for a premium price over other lipsticks, lip glosses and skin foundations. Through an extensive, widespread, comprehensive and uniform nationwide marketing campaign, Maybelline promises that SuperStay 24HR Lipcolor™ and SuperStay 24HR Makeup™ (collectively, the "SuperStay 24HR Products" or "Products"), with their "micro-flex formula", will provide lipcolor that lasts 24 hours and foundation coverage that will last for 24 hours on the consumer's skin, regardless of skin type.

2. Maybelline's misleading marketing campaign begins with the Products' deceptive name – "SuperStay 24HR" – which clearly conveys the message that the makeup will stay on consumers' lips and skin for 24 hours. Maybelline's comprehensive advertising campaign builds on this deception.

3. For example, on each and every SuperStay 24HR Lipcolor™ label, where consumers cannot miss it, Maybelline represents that the Product is a

---

[1] SuperStay 24HR Lipcolor™ is available in the following shades: Everlasting Wine; Reliable Raspberry; All Day Cherry; Continuous Coral; Keep the Flame; Endless Ruby; Keep it Red; Eternal Sunset; Wear on Wildberry; Unlimited Raisin; Perpetual Plum; Always Heather; So Sienna; Cinnamon Stay; Always Hot Chili; Day to Night Brown; Constant Cocoa; Timeless Toffee; Timeless Rose; Won't Move Mauve; Constantly Cabernet; On and On Orchird; Berry Persistent; Infinite Petal; Lasting Lilac; Never Ending Pearl; Very Cranberry; Blush on; So Pearly Pink; and Forever Chestnut (collectively, "SuperStay 24HR Lipcolor™").  Plaintiffs reserve the right to include additional products upon discovery.
[2] SuperStay 24HR Makeup™ is available in the following shades:  Porcelain Ivory White; Sand Beige Light; Classic Ivory Light; Natural Beige Light; Nude Light; Classic Beige Medium; Pure Beige Medium; Natural Tan Medium; True Beige Medium; Honey Beige Medium; Caramel Dark; Cocoa Dark (collectively, "SuperStay 24HR Makeup™"). Plaintiffs reserve the right to include additional products upon discovery.

lipcolor that will "stay" on the lips for "up to 24hr wear" simply by following the Product's "2-step" application process: "**Step 1:**  Apply a thin layer of color to clean lips and allow it to dry completely (about 2 minutes)"; and "**Step 2:** Apply conditioning balm. Reapply [the conditioning balm] as needed" (the "24 hour claim").  In truth, SuperStay 24HR Lipcolor™ is not a "no-transfer" lipcolor that lasts 24 hours as advertised.  Maybelline's 24 hour claim is false, misleading, and reasonably likely to deceive the public.

4.      Similarly, on each and every SuperStay 24HR Makeup™ label, where consumers cannot miss it, Maybelline represents that the Product is a "no transfer," "24HR Wear" product that withstands "heat, sweat and humidity" and is "No-Transfer: won't rub off."  The bottle also states that the 24HR Foundation provides "flexible, breathable, all day comfort."  In truth, SuperStay 24HR Makeup™ is not a "no transfer" foundation that lasts 24 hours as advertised.  Maybelline's 24 hour claim is false, misleading, and reasonably likely to deceive the public.

5.      While the 24 hour claim on the SuperStay 24HR Lipcolor™ label is prefaced by the words "up to", consumers reasonably interpret the claim as a whole to mean the lipcolor will last approximately 24 hours.  Thus, at minimum, the "up to 24hr wear" claim is likely to confuse and deceive reasonable consumers into believing that the Product provides the maximum benefit – *i.e.* 24 hours of lipcolor, which it does not do.

6.      In addition to the Product labels, Maybelline has employed numerous other methods to convey its uniform, deceptive 24 hour claim to consumers, including magazines (such as *Glamour*, *Cosmopolitan*, *Vogue* and *O-The Oprah Magazine*), newspapers, the internet, and social media websites.  The only reason a consumer would pay the premium price of the SuperStay 24HR Products is to obtain the 24 hour "Super Stay" benefits which the Products do not provide.

7.      As a result of Maybelline's deceptive 24 hour claim, consumers –

including Plaintiffs and members of the proposed Class – have purchased a Product that does not perform as advertised.  Moreover, they have paid a price premium for SuperStay 24HR Products over other lipsticks, lip glosses and foundations sold by Maybelline and its competitors that do not contain the deceptive 24 hour claim.

8.    Plaintiffs bring this action on behalf of themselves and other similarly situated consumers who have purchased SuperStay 24HR Lipcolor™ and/or SuperStay 24HR Makeup™ to halt the dissemination of this false, misleading and deceptive advertising message, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased SuperStay 24HR Products.  Plaintiffs allege violations of the Consumers Legal Remedies Act and the Unfair Competition Law created by Maybelline's advertising, including false labeling.

## JURISDICTION AND VENUE

9.    This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and many members of the Class are citizens of a state different from Defendant.

10.    This Court has personal jurisdiction over Maybelline because Maybelline is authorized to do and does conduct business in California. Maybelline has marketed, promoted, distributed, and sold the SuperStay 24HR Products in California, and Maybelline has sufficient minimum contacts with this State and/or sufficiently avails itself of the markets in this State through its promotion, sales, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

11.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff

Algarin's claims occurred while she resided in this judicial district. Venue is also proper under 18 U.S.C. § 1965(a) because Maybelline transacts substantial business in this District.

### PARTIES

12. Plaintiff Yanira Algarin resides in San Diego and is a citizen of California. In or around September 2012, Plaintiff was exposed to and saw Maybelline's 24 hour claim by reading the SuperStay 24HR Lipcolor™ So Sienna label at a Wal-Mart in Lemon Grove, California. In reliance on the 24 hour claim, Plaintiff Algarin purchased SuperStay 24HR Lipcolor™ So Sienna. She paid approximately $10, plus tax, for the SuperStay 24HR Lipcolor™. Plaintiff used the Product as directed, but the lipcolor did not last 24 hours, or anywhere near 24 hours, as represented. As a result, Plaintiff suffered injury in fact. Had Plaintiff known the truth about Defendant's misrepresentations and omissions, she would not have purchased the premium priced SuperStay 24HR Lipcolor™, but would have purchased a less expensive lipstick or lip gloss.

13. Plaintiff Patsy Murdock resides in Susanville, Lassen County, California and is a citizen of California. On May 7, 2012, Plaintiff was exposed to and saw Maybelline's 24 hour claim by reading the SuperStay 24HR Makeup™ and the SuperStay 24HR Lipcolor™ labels at a Walgreen's in Susanville, California. In reliance on the 24 hour claim, Plaintiff Murdock purchased SuperStay 24HR Lipcolor™ for approximately $10, plus tax, and SuperStay 24HR Makeup™ for approximately $12, plus tax. Plaintiff used the Products as directed, but neither the lipcolor nor the foundation lasted 24 hours, or anywhere near 24 hours, as represented. As a result, Plaintiff suffered injury in fact. Had Plaintiff known the truth about Defendant's misrepresentations and omissions, she would not have purchased the premium priced SuperStay 24HR Products, but would have purchased a less expensive lipstick or lip gloss and foundation.

14.    Defendant Maybelline, LLC is a New York Limited Liability Company headquartered at 575 Fifth Avenue, New York, New York 10017. Maybelline manufactures, distributes, markets and sells SuperStay 24HR Lipcolor™ and SuperStay 24HR Makeup™ to consumers nationwide and created the deceptive 24 hour claim, which it caused to be disseminated to consumers nationwide, including in California.

## FACTUAL ALLEGATIONS

*SuperStay 24HR Lipcolor*™

15.    Maybelline manufactures, markets, sells and distributes the SuperStay line of make-up products, including foundation, concealers and lip products.  This lawsuit concerns two of those products – SuperStay 24HR Lipcolor™ and SuperStay 24HR Makeup™.

16.    The SuperStay 24HR Products are sold online and in virtually every major food, drug, and mass retail outlet in the country, with prominent signage identifying Maybelline as the seller, and the products as Maybelline products. SuperStay 24HR Lipcolor™ retails for approximately $10.00-$12.00 and SuperStay 24HR Makeup™ retails for approximately $11.00-$12.00. The following are exemplar screen shots of the Products:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21



22  17.    Since the SuperStay 24HR Products' launch in 2011, Maybelline has

23  consistently conveyed the message to consumers throughout the United States,

24  including California, that SuperStay 24HR Lipcolor™, with its "micro-flex

25  formula", is a transfer proof lipcolor that will "stay" on the lips for "24 hours" after

26  just one color application and that SuperStay 24HR Makeup™, with its "micro-flex

27
28

formula," is a "no transfer" 24HR foundation that provides "flexible, breathable, all day comfort" and will withstand "heat, sweat and humidity". These Products do not provide the represented 24HR benefits. Maybelline's 24 hour claim is false, misleading and deceptive.

18. Maybelline's claim that its SuperStay 24HR Products will stay put 24 hours is particularly attractive to Maybelline's target market – women who desire long lasting lipcolor and foundation coverage without the need to continuously reapply the makeup throughout the day. Indeed, the Products' "instructions for use" require only one application of color during the 24 hour period. The 24 hour claims are also attractive to consumers who cannot apply makeup without assistance, such as nursing home and assisted living residents.

19. Each and every consumer who purchases SuperStay 24HR Products is exposed to Maybelline's deceptive 24 hour claim because it appears prominently, conspicuously, and almost exclusive of any other representations (also indicative of its materiality) on the front of each box of SuperStay 24HR Lipcolor™ (*see* below) and on each SuperStay 24HR Makeup™ bottle (*see* paragraph 16).



Exemplars of the SuperStay 24HR Product labels are attached hereto as Exhibit A.

***The Impact of Maybelline's Wrongful Conduct***

20. Even though the SuperStay 24HR Products do not provide a transfer proof lipcolor and foundation that stays put 24 hours, Maybelline continues to deceptively convey through its advertising and labeling that: SuperStay 24HR

Products, with their "micro-flex formula", will not "transfer" and will "stay" on for "24 hours".

21.    As the manufacturer, seller and/or distributor of SuperStay 24HR Products, Maybelline possesses specialized knowledge regarding the content and effects of the ingredients contained in SuperStay 24HR Products and is in a superior position to learn of the effects – and has learned of the effects – SuperStay 24HR Products have on consumers.

22.    Specifically, Maybelline knew or should have known, but failed to disclose that SuperStay 24HR Products do not provide "no-transfer", 24 hour lipcolor and foundation coverage.

23.    Plaintiffs and Class members have been and will continue to be deceived or misled by Maybelline's deceptive 24 hour claim.  Plaintiffs purchased and used SuperStay 24HR Products during the Class period and in doing so, read and considered the SuperStay 24HR Products' labels and packaging and based their decisions to buy the Products and pay the price premium on the 24 hour claim. Maybelline's 24 hour claim was a material factor in influencing Plaintiffs' decision to purchase and use SuperStay 24HR Products. Plaintiffs would not have purchased the premium priced SuperStay 24HR Products had they known that Maybelline's 24 hour claim was false and misleading.

24.    As a result, Plaintiffs and the Class members have been damaged in their purchases of SuperStay 24HR Products and have been deceived into purchasing Products that they believed, based on Maybelline's 24 hour claim, would provide transfer proof lipcolor and/or foundation coverage that lasts 24 hours, when, in fact, it does not.

25.    Based upon the 24 hour claim conveyed in its marketing and advertising campaign, Maybelline is able to price SuperStay 24HR Products at a premium over other lipsticks, lipglosses and foundations sold by its competitors and

itself.  For example, Maybelline prices SuperStay 24HR Lipcolor™ at least $1.00 more than Maybelline's SuperStay lipstick products that do not make the deceptive 24 hour claim.  Similarly, Maybelline prices SuperStay 24HR Makeup™ at least $3.00 more than Maybelline's Fit Me® Foundation that does not make the deceptive 24 hour claim.

26.    Maybelline has reaped enormous profits from its false marketing and sale of SuperStay 24HR Products.

## CLASS DEFINITION AND ALLEGATIONS

27.    Plaintiffs bring this action on behalf of themselves and all other similarly situated Class members pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure and seek certification of the following Class against Maybelline for violations of California state laws and/or similar laws in other states:

> **<u>Multi-State Class Action</u>**
> All consumers who purchased SuperStay 24HR Lipcolor™ and/or SuperStay 24HR Makeup™, in California and states with similar laws, for personal use until the date notice is disseminated.
>
> Excluded from this Class are Maybelline and its officers, directors and employees, and those who purchased SuperStay 24HR Lipcolor™ and/or SuperStay 24HR Makeup™ for the purpose of resale.

28.    In the alternative, Plaintiffs bring this action on behalf of themselves and all other similarly situated California consumers pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure and seek certification of the following Class:

## California Class Action

All California consumers who purchased SuperStay 24HR Lipcolor™ and/or SuperStay 24HR Makeup™ for personal use until the date notice is disseminated.

Excluded from this Class are Maybelline and its officers, directors and employees and those who purchased SuperStay 24HR Lipcolor™ and/or SuperStay 24HR Makeup™ for the purpose of resale.

29. ***Numerosity***.  The members of the Class are so numerous that joinder of all members of the Class is impracticable.  Plaintiffs are informed and believe that the proposed Class contains thousands of purchasers of SuperStay 24HR Products who have been damaged by Maybelline's conduct as alleged herein. The precise number of Class members is unknown to Plaintiff but determinable from Maybelline's sales records and/or those of a third party retail sales data collection company.

30. ***Existence and Predominance of Common Questions of Law and Fact***.  This action involves common questions of law and fact, which predominate over any questions affecting individual Class members.  These common legal and factual questions include, but are not limited to, the following:

(a)    whether the claims discussed above are true, or are misleading, or objectively reasonably likely to deceive;

(b)    whether Maybelline's alleged conduct violates public policy;

(c)    whether the alleged conduct constitutes violations of the laws asserted;

(d)    whether Maybelline engaged in false or misleading advertising;

(e)    whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss; and

(f)    whether Plaintiffs and Class members are entitled to other appropriate remedies, including corrective advertising and injunctive relief.

31.   ***Typicality***.   Plaintiffs' claims are typical of the claims of the members of the Class because, *inter alia*, all Class members were injured through the uniform misconduct described above and were subject to Maybelline's deceptive 24 hour claim that accompanied each and every package and/or label of its SuperStay 24HR Products.   Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all members of the Class.

32.   ***Adequacy of Representation***.   Plaintiffs will fairly and adequately protect the interests of the members of the Class.   Plaintiffs have retained counsel experienced in complex consumer class action litigation, and Plaintiffs intend to prosecute this action vigorously.   Plaintiffs have no adverse or antagonistic interests to those of the Class.

33.   ***Superiority***.   A class action is superior to all other available means for the fair and efficient adjudication of this controversy.   The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Maybelline.   It would thus be virtually impossible for Plaintiffs and Class members, on an individual basis, to obtain effective redress for the wrongs done to them.   Furthermore, even if Class members could afford such individualized litigation, the court system could not.   Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.   Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.   By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

34.   Maybelline has acted on grounds that apply generally to the Class,

making injunctive relief appropriate respecting the Class as a whole.

35.    Unless a Class is certified, Maybelline will retain monies received as a result of its conduct that were taken from Plaintiffs and Class members.  Unless a Class-wide injunction is issued, Maybelline will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

## COUNT I
### Violation of Business & Professions Code §17200, *et seq.*

36.    Plaintiffs repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

37.    Plaintiffs bring this claim individually and on behalf of the Class.

38.    As alleged herein, Plaintiffs have suffered injury in fact and lost money or property as a result of Maybelline's conduct because they purchased SuperStay 24HR Products in reliance on Maybelline's 24 hour claim detailed above, but did not receive a Product that performed as represented, when used as instructed.

39.    The Unfair Competition Law, Business & Professions Code § 17200, *et seq.* ("UCL"), and similar laws in other states, prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising.

40.    In the course of conducting business, Maybelline committed "unlawful" business practices by, *inter alia*, making the 24 hour claim (which also constitutes advertising within the meaning of § 17200) and omissions of material facts, as set forth more fully herein, and violating Civil Code §§ 1572, 1573, 1709, 1711, Consumers Legal Remedies Act, Civil Code §§ 1770(a)(5), (7), (9) and (16) and Business & Professions Code §§ 17200, *et seq.*  Plaintiffs and the Class reserve the right to allege other violations of law, which constitute other unlawful business

acts or practices.  Such conduct is ongoing and continues to this date.

41.   In the course of conducting business, Maybelline committed "unfair" business practices by, *inter alia*, making the 24 hour claim (which also constitutes advertising within the meaning of § 17200) and omissions of material facts regarding SuperStay 24HR Products in its advertising campaign, including the Products' packaging, as set forth more fully herein.  There is no societal benefit from false advertising, only harm.  Plaintiffs and other Class members paid money for a lipcolor and/or foundation that lasts 24 hours, which they did not receive.  While Plaintiffs and Class members were harmed, Maybelline was unjustly enriched by its false 24 hour representation and omissions.  Because the utility of Maybelline's conduct (zero) is outweighed by the gravity of the harm Plaintiffs and Class Members suffered, Maybelline's conduct is "unfair" having offended an established public policy.  Further, Maybelline engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

42.   Further, as stated in this Complaint, Plaintiffs allege violations of consumer protection, unfair competition and truth in advertising laws, resulting in harm to consumers.  Maybelline's acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers.  This conduct constitutes violations of the unfair prong of Business & Professions Code § 17200, *et seq*.

43.   There were reasonably available alternatives to further Maybelline's legitimate business interests, other than the conduct described herein.

44.   Business & Professions Code § 17200, *et seq*., also prohibits any "fraudulent business act or practice."

45.   In the course of conducting business, Maybelline committed "fraudulent business act or practices" by, *inter alia*, making the 24 hour claim

(which also constitutes advertising within the meaning of § 17200) and omissions of material facts regarding SuperStay 24HR Products in its advertising campaign, including the Products' packaging, as set forth more fully herein.   Maybelline misrepresented on each and every SuperStay 24HR Product package and/or label that its Product, *inter alia*, is a "no-transfer" lipcolor or foundation that will "stay" for "24 hours".

46.   Maybelline's actions, claims, omissions and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code § 17200, *et seq*.

47.   Plaintiffs and other members of the Class have in fact been deceived by Maybelline's material 24 hour representation and omissions.   Maybelline's deception has caused harm to Plaintiffs and other members of the Class who each purchased SuperStay 24HR Products.   Plaintiffs and the other Class members have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

48.   Maybelline knew, or should have known, that its material representations and omissions would be likely to deceive the consuming public and result in consumers purchasing SuperStay 24HR Products.

49.   As a result of its deception, Maybelline has been able to reap unjust revenue and profit.

50.   Unless restrained and enjoined, Maybelline will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

51.   Plaintiffs, on behalf of themselves and all others similarly situated, and the general public, seek restitution of all money obtained from Plaintiffs and the members of the Class collected as a result of unfair competition, an injunction prohibiting Maybelline from continuing such practices, corrective advertising and

all other relief this Court deems appropriate, consistent with Business & Professions Code § 17203.

## COUNT II
### Violations of the Consumers Legal Remedies Act – Civil Code §1750 *et seq.*

52.     Plaintiffs repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

53.     Plaintiffs bring this claim individually and on behalf of the Class.

54.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* (the "Act"), and similar laws in other states. Plaintiffs are consumers as defined by California Civil Code §1761(d). Maybelline's SuperStay 24HR Products are "good[s]" within the meaning of the Act.

55.     Maybelline violated and continues to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiffs and the Class which were intended to result in, and did result in, the sale of SuperStay 24HR Products:

(5)     Representing that [SuperStay 24HR Products have] . . . approval, characteristics, . . . uses [and] benefits . . . which [they do] not have . . . .

\*     \*     \*

(7)     Representing that [SuperStay 24HR Products are] of a particular standard, quality or grade . . . if [they are] of another.

\*     \*     \*

(9)     Advertising goods . . . with intent not to sell them as advertised.

\*     \*     \*

(16)     Representing that [SuperStay 24HR Products have] been supplied in accordance with a previous representation when [they have] not.

56.   Maybelline violated the Act by representing and failing to disclose material facts on the SuperStay 24HR Products' labeling and packaging and associated advertising, as described above, when it knew, or should have known, that the representations were false and misleading and that the omissions were of material facts it was obligated to disclose.

57.   Pursuant to California Civil Code §1782(d), Plaintiffs and the Class seek a Court order enjoining the above-described wrongful acts and practices of Maybelline and for restitution and disgorgement.

58.   Pursuant to §1782 of the Act, by letters dated September 25, 2012, December 10, 2012 and December 18, 2012, Plaintiffs Algarin and Murdock notified Maybelline in writing by certified mail of the particular violations of §1770 of the Act and demanded that Maybelline rectify the problems associated with the actions detailed above and give notice to all affected consumers of Maybelline's intent to so act.

59.   Maybelline failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act.   Therefore, Plaintiffs further seek actual, punitive and statutory damages, as appropriate.

60.   Maybelline's conduct is fraudulent, wanton and malicious.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for a judgment:

A.   Certifying the Class as requested herein;

B.   Awarding Plaintiffs and the proposed Class members damages;

C.   Awarding restitution and disgorgement of Maybelline's revenues to Plaintiffs and the proposed Class members;

D.   Awarding injunctive relief as permitted by law or equity, including: enjoining Maybelline from continuing the unlawful practices as set forth herein,

and directing Maybelline to identify, with Court supervision, victims of its conduct and pay them all money it is required to pay;

E.     Ordering Maybelline to engage in a corrective advertising campaign;

F.     Awarding statutory and punitive damages, as appropriate;

G.     Awarding attorneys' fees and costs; and

H.     Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial of their claims by jury to the extent authorized by law.

Dated: September 19, 2013

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

*/s Patricia N. Syverson*
Elaine A. Ryan (*Admitted Pro Hac Vice*)
Van Bunch (*Admitted Pro Hac Vice*)
Patricia N. Syverson (203111)
Lindsey M. Gomez-Gray (*Admitted Pro Hac Vice*)
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
eryan@bffb.com
vbunch@bffb.com
psyverson@bffb.com
lgomez-gray@bffb.com
Telephone: (602) 274-1100

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Manfred Muecke (222893)
600 W. Broadway, Suite 900
San Diego, California 92101
mmuecke@bffb.com
Telephone: (619) 756-7748

STEWART M. WELTMAN LLC
Stewart M. Weltman
43 W. Jackson, Suite 364
Chicago, Illinois 60604
sweltman@weltmanlawfirm.com
Telephone: 312-588-5033

(Of Counsel Levin, Fishbein, Sedran & Berman)

SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
Rose F. Luzon (SBN 221544)
401 West 'A' Street, Suite 2350
San Diego, CA 92101
rluzon@sfmslaw.com
Telephone: 619-235-2416

SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
James C. Shah
Natalie Finkelman Bennett
475 White Horse Pike
Collingswood, NJ 08107
Telephone: (856) 858-1770
jshah@sfmslaw.com
nfinkelman@sfmslaw.com

EDGAR LAW FIRM LLC
John F. Edgar
1032 Pennsylvania Ave.
Kansas City, MO 64105
Telephone: (816) 531-0033
jfe@edgarlawfirm.com

Mark Schlachet
3515 Severn Road
Cleveland, OH 44118
Telephone: (216) 896-0714
mschlachet@gmail.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 19, 2013, at Phoenix, Arizona.

*/s Patricia N. Syverson*
Patricia N. Syverson