UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANIRA ALGARIN and PATSY MURDOCK, on Behalf of Themselves and All Others Similarly Situated,<br><br>　　　　　　　Plaintiffs,<br>v.<br>MAYBELLINE, LLC, A New York Limited Liability Company, dba MAYBELLINE NEW YORK,<br>　　　　　　　Defendants. | Civil No.12cv3000 AJB (DHB)<br><br>ORDER GRANTING THE JOINT MOTION TO FILE DOCUMENTS UNDER SEAL<br><br>[Doc. No. 60] |

　　The matter before the Court is the Parties' Joint Motion to Seal select documents filed in support of Plaintiffs' Motion for Class Certification. (Doc. No. 61.)  On February 20, 2014, Plaintiffs filed a Motion for Class Certification. (Doc. No. 61.)  The Motion's Memorandum of Points and Authorities, as well as certain Exhibits attached, contain certain information designated by Defendant as "CONFIDENTIAL" and under a Protective Order entered on July 19, 2013.  The Parties now requests the Court to seal those portions pursuant to Local Rule 79.2 and the July 19, 2013 Protective Order.  For the following reasons, the Motion to Seal is GRANTED.

## I. BACKGROUND

This is a putative class action regarding Defendant Maybelline LLC's ("Defendant") SuperStay 24HR Lipcolor and SuperStay 24HR Makeup products (the "Class Products"). Plaintiffs seek to certify a class alleging violations of California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200, *et seq.* and Consumers Legal Remedies Act ("CRLA"), Civil Code § 1750, *et seq.*, based on Defendant's alleged false advertising of the Class Products. (Doc. No. 47.)

On July 19, 2013, the Parties entered into a Protective Order regarding certain discovery material to be made available by Defendants. The Protective Order permitted the parties and other non parties to designate as "CONFIDENTIAL" documents they, in good faith, believe contains or constitutes: "sensitive personal information; commercial research or development; proprietary business or sales information; or other information required by applicable law or agreement to be kept confidential." (Doc. No. 40.)

The Parties now seek to seal the information those portions Defendant designated as "CONFIDENTIAL" filed with their Motion for Class Certification. Specifically, Defendant's confidential, proprietary, and business information. (Doc. No. 60.)

## II. LEGAL STANDARD

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79. In turn, the court must "conscientiously balance the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Id.* After considering these interests, if the

court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

On non-dispositive motions, a party seeking to file under seal a document produced under seal in discovery only needs to establish that there is "good cause" for sealing the record. *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) ("[A] particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motion"); *see also Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1180 (9th Cir.2006). Unless the denial of a motion for class certification would constitute the death knell of a case, "the vast majority of []courts within this circuit" treat motions for class certification as non-dispositive motions to which the "good cause" sealing standard applies. *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, *1 (citing *In re NCAA Student–Athlete Name and Likeness Licensing Litig.*, 2012 WL 6561088 (N.D. Cal. Sept. 14, 2012)). [1]

A strong presumption of access to judicial records applies fully to dispositve pleadings and their attachments. In the case of motions for class certification, if the motion will affect whether or not the litigation proceeds, then the motion constitutes a dispositive motion for which a party must show "compelling reasons" for sealing the record. *See Rosales v. El Rancho Farms*, 2014 WL 321159, *3 (E.D. Cal. Jan. 29, 2014). In the instant case, it is likely that denial of class certification will sound the "death knell" of the

---

[1] "[T]he Ninth Circuit has not yet addressed whether or not, or under what circumstances, a motion for class certification is a dispositive motion" for purposes of deciding what standard applies on sealing motions and that courts in this district have reached different conclusions." *Dugan*, 2013 WL 1435223, at *1.

The Eleventh Circuit observes that a motion for class certification might be dispositive if "denial of class status means that the stakes are too low for the named plaintiffs to continue the matter." *Prado v. Bush*, 221 F.3d 1266, 1274 (11th Cir. 2000). Under this articulation, Plaintiffs' class certification presents such a situation.

litigation, as Plaintiffs have only alleged de minimis individual damages.[2] Thus, to warrant the Court's grant of the request to seal, the Court must be satisfied that "compelling reasons" exist. *Kamakana*, 447 F.3d at 1179. Relevant factors include the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use . . ." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 659 (9th Cir. 2010)(citations omitted). In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id*.

## III. ANALYSIS

The Parties seek permission to seal the following documents as they allegedly contain Defendant's confidential, proprietary and sensitive business information:

    1. Exhibit 1 to the Declaration of Patricia N. Syverson in Support of Plaintiffs' Motion for Class Certification ("Early Trier Study");

    2. Exhibit 8 to the Declaration of Patricia N. Syverson in Support of Plaintiffs' Motion for Class Certification ("The Sales Data"); and

    3. Select portions of pages 1, 2, 6, 7, 10, and 17 of Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiff's Motion for Class Certification.

Although the documents are subject to a Protective Order, the Court does not take that into consideration on this Motion to Seal and will only grant the Motion if compelling reasons are shown. *See Kamakana*, 447 F.3d at 1179 ("The 'compelling reasons' standard

---

[2] Plaintiff Yanira Algarin alleges she paid approximately $10.00 for the SupreStay 24HR Lipcolor product, and but for any of Defendant's alleged misrepresentations and omissions, she would not have purchased the "premium priced" product. (Doc. No. 47 at 5.)

Plaintiff Patsy Murdock, in reliance on the alleged misrepresentation, paid approximately $10.00 for the SuperStay 24HR Lipcolor and $12.00 for the SuperStay 24HR Makeup. (*Id.*)

is invoked even if the dispotive motion, or its attachments, were previously filed under seal or protective order.").

A.   Early Trier Study

According to the Parties, the Early Trier Study is a compilation of sales data, market research, consumer research, advertising data and marketing strategy prepared by L'Oréal USA, Inc. (L'Oréal) and its outside marketing consultant. (Doc. No. 60 at 3; *see also* Decl. Of Mark Brooks in Support of Joint Motion ("Brooks Decl.") at 2.) L'Oréal is Defendant Maybelline's parent company. L'Oréal uses the subject data to develop and market its products and to build market share. (*Id.*) The Early Trier Study also contains copies of proprietary consumer results not publicly available and are considered by L'Oréal to be a valuable asset to its product research and development.

Where a party shows that its documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened. *See Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306 (1978). The Parties first contend that this Court should apply the "good cause" standard to their motion to seal. However, as stated above, this is incorrect. Instead, the Court applies the "compelling reasons" standard as a ruling on the Motion for Class Certification will affect whether or not the litigation proceeds.

Even applying the more exacting standard, the Court is satisfied that the Parties have demonstrated compelling reasons to warrant sealing. The Parties assert that L'Oréal will suffer serious competitive harm if the Early Trier Study is revealed to the public. Public disclosure of L'Oréal's confidential business material, marketing strategies, product development plans could result in improper use by business competitors seeking to replicate L'Oréal's business practices and circumvent the time and resources necessary in developing their own practices and strategies. Moreover, the Court finds that the Parties only seek to seal a limited amount of information. Accord-

ingly, the Courts finds the Parties to have shown compelling reasons to seal the Early Trier Study, Exhibit 1 to the Motion for Class Certification.

B.     The Sales Data

The Sales Data comprises nationwide, regional, and segmented sales data regarding the Class Products at issue not publicly available. (Doc. No. 60 at 3.)  This information was primarily from IRI - a market research group that compiles sales and market data for major consumer manufacture or retail companies.  Any company that wishes to utilize the IRI data repository must purchase the data.  L'Oréal states that the data purchased is used in furtherance of its own market research and sales strategy.  (*Id.*)

As with the Early Trier Study, public disclosure may result in improper use by competitors who may circumvent expending their own resources in obtaining the information at L'Oréal's expense.  Moreover, the Court is satisfied that the information sought to be sealed is limited in scope.  The Court finds the Parties to have shown compelling reasons to seal the information contained in Exhibit 8 to the Motion for Class Certification as well.

C.     Memorandum of Points and Authority

Plaintiffs' Memorandum filed with their Motion for Class Certification reference or explicitly incorporate the information the Court has determined should be sealed.  The Parties only seek to file those portions of pages in the Memorandum that reference or incorporate information contained in the Early Trier Studies or the Sales Data.  The Court notes the Parties' attempt to seal only a narrow portion of the Memorandum and is satisfied that the compelling reason standard has been met.  Accordingly, the Parties may file the select portions of pages 1, 2, 6, 7, 10, and 17 of the Memorandum under seal.

//
//
//
//

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Seal. The Clerk of Court is instructed to file the currently sealed lodged proposed Motion for Class Certification under seal. (Doc. No. 61.) The Parties are directed to prepare a redacted version of their Motion for Class Certification, pursuant to this Order, to be filed and made available publicly no later than February 26, 2014.

IT IS SO ORDERED.

DATED: February 21, 2014

_Battaglia_
Hon. Anthony J. Battaglia
U.S. District Judge