1  PATTERSON BELKNAP WEBB & TYLER LLP
   FREDERICK WARDER (*Admitted Pro Hac Vice*)
2  1133 Avenue of the Americas
   New York, New York 10036
3  fwarder@pbwt.com
4  Telephone: (212) 336-2000

5  GORDON & REES LLP
   MILES D. SCULLY (SBN 135853)
6  ALLISON F. BORTS (SBN 197895)
   101 W. Broadway, Suite 2000
7  San Diego, CA 92101
   mscully@gordonrees.com
8  aborts@gordonrees.com
9  Telephone: (619) 696-6700

10 Attorneys for Defendant
   MAYBELLINE, LLC
11

12

13                    **UNITED STATES DISTRICT COURT**
                      **SOUTHERN DISTRICT OF CALIFORNIA**
14

15 | YANIRA ALGARIN and PATSY MURDOCK, On Behalf of Themselves and All Others Similarly Situated | Case No. 12CV3000 AJB DHB |
16 |  |  |
17 | Plaintiffs, | **DECLARATION OF DR. ELI SEGGEV IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
18 | v. |  |
19 | MAYBELLINE, LLC, a New York Limited Liability Company, d/b/a MAYBELLINE NEW YORK |  |
20 |  | Courtroom: 2A |
21 | Defendants. | Judge: Hon. Anthony J. Battaglia Magistrate Judge: Hon. David H. Bartick |

I, ELI SEGGEV, declare as follows:

1. I am a market research practitioner and hold an MBA from the University of Michigan and a Ph.D. in Marketing and Quantitative Methods from Syracuse University. I have spent my entire professional career in the field of marketing, both as an academic and as a marketing research practitioner, and have worked in this field for over 40 years. In my professional career, I have conducted, designed, supervised and reported the results of hundreds of studies. A copy of my curriculum vitae is attached as **Exhibit A**. I am fully familiar with the facts set forth below.

2. I have been engaged as an expert witness by defendant Maybelline LLC ("Maybelline") in this case. I submit this declaration in opposition to Plaintiffs' Motion for Class Certification.

3. I submitted an expert report in this case dated December 9, 2013, which is attached to this Declaration as **Exhibit B**. That report details my survey of the purchasing behavior and expectations of purchasers of Maybelline SuperStay 24 2-Step Color (the "LipColor") and Maybelline SuperStay 24HR Makeup (the "Makeup"). It contains my analysis of the survey responses and includes conclusions drawn from that analysis.

4. For the LipColor, I found that 45% of purchasers were repeat purchasers who were satisfied with the product. (Exhibit B ¶¶ 65-66, 76). One-time purchasers of the LipColor gave a variety of reasons for their purchase, and the majority of those purchasers either had no duration expectation or expected the product to last for less than 24 hours. (*Id.* at ¶¶ 68-75). Indeed, only 1% of one-time Lipcolor purchasers cited a 24-hour duration expectation as a reason they purchased the Product. (*Id.* at ¶¶ 67-68). Based on the collected survey data, I concluded that 24 hour duration was not a primary purchase driver for this product. (*Id.* at ¶¶ 76-82). I also concluded that both repeat purchasers of this type of product and those purchasers who had no

1  duration expectations could not have been injured in the manner alleged in the
2  Plaintiffs' complaint. (*Id.* at ¶¶ 76-82, 103-108).  I also concluded that more
3  purchasers had duration expectations that were inconsistent with the allegations in
4  Plaintiffs' complaint than had expectations that were consistent with those allegations.
5  (*Id.*).  Finally, I concluded that only 9% of LipColor purchasers could conceivably
6  have been injured in the manner alleged by Plaintiffs.  (*Id.* at ¶ 81).

7       5.     For the Makeup, I found that 32% of purchasers were repeat purchasers
8  who were satisfied with the product.  (*Id.* ¶¶ 85-86, 96).  One-time purchasers of the
9  Makeup had many reasons for their purchase, and the majority of those purchasers
10 either had no duration expectation or expected the product to last for less than 24
11 hours.  (*Id.* at ¶¶ 88-95).  Indeed, only 4% of one-time Makeup purchasers cited a 24-
12 hour duration expectation as a reason they purchased the Product.  (*Id.* at ¶¶ 87-88).
13 Based on the collected survey data, I concluded that 24 hour duration was not a
14 primary purchase driver for this product.  (*Id.* at ¶¶ 96-102).  I also concluded that
15 both repeat purchasers of this type of product and those purchasers who had no
16 duration expectations could not have been injured in the manner alleged in the
17 Plaintiffs' complaint. (*Id.* at ¶¶ 96-102, 103-108).  I also concluded that more
18 purchasers had duration expectations that were inconsistent with the allegations in
19 Plaintiffs' complaint than had expectations that were consistent with those allegations.
20 (*Id.*).  Finally, I concluded that only 14 % of Makeup purchasers could conceivably
21 have been injured in the manner alleged by Plaintiffs. (*Id.* at ¶101).

22      6.     In response to Dr. Keith Reutter's criticisms regarding the survey I
23 conducted, I submitted a supplemental expert report in this case dated February 14,
24 2014, which is attached to this Declaration as **Exhibit C**.

25      7.     The supplemental report reiterated that most consumers did not mention
26 24 hour duration as a reason for purchase and that only a small number were one-time

27
28

-3-  Case No. 12CV3000 AJB DHB
Declaration IOT
Motion for Class Certification

6703815

1  purchasers who expected either product to last 24 hours.  (Exhibit C ¶¶ 6-10).  It
2  explained that I excluded repeat purchasers because, as a matter of consumer behavior
3  analysis for products of this type, repeat purchasing activity indicates that the
4  purchasers were satisfied and thus not harmed by their purchases.  (*Id.* at ¶¶ 11-13).
5  And it details why the population of 500 respondents I selected was entirely
6  appropriate for the survey I conducted.  (*Id.* at ¶¶ 14-24).  Dr. Reutter's criticisms of
7  my survey are unfounded.

8.  My expert report and supplemental expert report accurately represented my analysis, opinions and conclusions when they were signed on December 9, 2013 and February 14, 2014, respectively, and they accurately represent my analysis, opinions and conclusions today.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on March  5 , 2014 in      Boca Raton, FL      .

_____
ELI SEGGEV