# EXHIBIT A

| | |
|---|---|
| 1 | PATTERSON BELKNAP WEBB & TYLER LLP |
| | FREDERICK B. WARDER III (Admitted *Pro Hac Vice*) |
| 2 | 1133 Avenue of the Americas |
| | New York, New York 10036 |
| 3 | fwarder@pbwt.com |
| | Telephone: (212) 336-2121 |
| 4 | |
| 5 | GORDON & REES LLP |
| | MILES D. SCULLY (SBN 135853) |
| 6 | ALLISON F. BORTS (SBN 197895) |
| | 101 W. Broadway, Suite 2000 |
| 7 | San Diego, CA 92101 |
| | mscully@gordonrees.com |
| 8 | aborts@gordonrees.com |
| | Telephone: (619) 696-6700 |
| 9 | |
| | Attorneys for Defendant |
| 10 | MAYBELLINE, LLC |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YANIRA ALGARIN and PATSY MURDOCK, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MAYBELLINE, LLC, a New York Limited Liability Company, d/b/a MAYBELLINE NEW YORK<br><br>Defendants. | Case No. 12CV3000 AJB DHB<br><br>**DEFENDANT'S [PROPOSED] RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Courtroom: 2A<br>Judge: Hon. Anthony J. Battaglia<br>Magistrate Judge: Hon. David H. Bartick |

Defendant Maybelline LLC respectfully submits this Response to Plaintiffs' Notice of Supplemental Authority (Dkt. #71).

Plaintiffs have referred the Court to a recent decision in *Forcellati v. Hyland's Inc.*, CV 12-1983-GHK (MRWx) (C.D. Cal. April 9, 2014), and assert that the decision "addressed several arguments" that Maybelline raised in its opposition brief. (Plaintiffs' Notice of Supplemental Authority in Support of Plaintiffs' Motion for Class Certification ("Plaintiffs' Notice") at 1.) While *Forcellati* addresses some of the same Rule 23 requirements on which Defendant's opposition to class certification is based, *Forcellati* arose in a very different factual context and did not address the authority from within this Circuit on which Defendant relies.

**A. Predominance**

*Forcellati* concerned homeopathic medicines that claimed to provide relief from cold and flu symptoms. *Forcellati*, at 1. The plaintiffs contended that the medicines were nothing more than sugar water, that they **did not work at all**, and that any effectiveness arises solely from a placebo effect. *Id* at 1, 11. In considering predominance, the court found that consumer satisfaction was irrelevant because plaintiffs alleged that the products did not work at all. *Id.* at 13. The court observed that while consumers may have had different reasons for purchase, no consumer would purchase a cold remedy that is completely ineffective. *Id.* For this reason, the *Forcellati* plaintiffs sought a full refund of their purchase price. *See id.* at 11.

The *Forcellati* court's reasoning is inapplicable to the facts of this case. First, the SuperStay Products do not and cannot benefit either from a placebo effect or from the natural diminishment of cold symptoms, as the medicines at issue in *Forcellati* could. While consumer satisfaction with the product benefit advertised in *Forcellati* could be the result of phenomena other than the performance of the product itself, in this case the duration of the SuperStay Products can only be the result of the Products' performance. Second, purchasers of cold medicines do not necessarily know

immediately upon use of the products whether they are relieving cold symptoms, whereas purchasers of the SuperStay Products know immediately upon use whether their duration expectations are met. (*See* Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification ("Opposition Brief") at 7-12, 16-18.) Third, Plaintiffs here do not allege that the SuperStay Products do not work at all. They also do not allege that the SuperStay Products are not long-lasting. Plaintiffs' only claim is that the SuperStay products do not last for the full 24 hours, which is why Plaintiffs seek only "price premium" damages associated with the alleged 24-hour claims rather than the full purchase price of the Products. (SAC at ¶25; Certification Memo at 22.) Finally, the defendants in *Forcellati* apparently submitted no survey results, no expert testimony, and no other evidence of the prevalence of customer satisfaction.

The differences between the medicines in *Forcellati* and the SuperStay Products render evidence of consumer satisfaction and consumer expectations about duration directly relevant to the predominance inquiry in this case. (Opposition Brief at 7-12, 16-18.) The unrebutted survey and repeat purchase rate evidence prove that the "reasonable consumer" of the SuperStay Products[1] did not consider 24-hour duration to be material and/or could not have been injured. Only a small percentage of SuperStay purchasers expected 24-hour duration, as Plaintiffs claim to have done. (*Id.* at 12.)[2] Moreover, even among one-time purchasers, more consumers had duration expectations that were inconsistent with Plaintiffs' allegations than were

---

[1] Contrary to Plaintiffs' argument in their Reply Brief (*see* pp. 5-6), the *Forcellati* court observed that the "reasonable person" class certification standards for UCL and CLRA claims are "materially indistinguishable." *Forcellati*, at 11.

[2] In their Reply Brief, Plaintiffs erroneously contend that Plaintiff Murdock was a repeat purchaser. On the contrary, Ms. Murdock bought each of the SuperStay Products **only once**. (Murdock Tr. 45:16-46:5, 61:2-6; SAC at ¶13). As a one-time purchaser of each of Product, Ms. Murdock would have been asked all of the questions in Dr. Seggev's surveys.

consistent with them. (Opposition Brief at 11.) Given the evidence in this case regarding the duration expectations and the satisfaction of a majority of consumers of the SuperStay Products, any presumption of materiality has been rebutted and Plaintiffs' expectations and injury claims are not consistent with those of the "reasonable consumer" of the products at issue.

**B. Ascertainability**

As with predominance, the differences in the products at issue make *Forcellati*'s analysis inapposite. In *Forcellati*, all purchasers of the allegedly useless cold remedies were injured regardless of their expectations or repeat purchasing behavior because, if Plaintiffs are correct on the merits, the medicines were sugar water and provided no benefits whatsoever. *Forcellati*, at 9. But repeat purchase of the SuperStay cosmetic products establishes that the purchaser **could not have been injured** by any belief or expectation regarding duration – because repeat purchasers knew before their second purchase exactly how long the SuperStay Products lasted for them. (Opposition Brief at 10-12.) And the unrebutted survey evidence proves that even among one-time purchasers, most did not expect 24-hour duration and could not have been injured by the promotional claims challenged by Plaintiffs. (*Id.* at 4-6.)

*Forcellati* also distinguishes a number of cases from within this Circuit that declined to certify classes on ascertainability grounds because, unlike *Forcellati*, they involved "an unknown number of total class members." *Forcellati*, at 9 n.4. Though distinguishable from *Forcellati*, the facts in those cases are similar to those at issue here, in that neither Maybelline nor anyone else has records of how many purchasers fall into Plaintiffs' class definition. (Opposition Brief at 6-7. )

**C. Superiority**

*Forcellati* does not address or distinguish either *Webb v. Carter's Inc.*, 272 F.R.D. 489, 504-05 (C.D. Cal. 2011) or *Turcios v. Carma Labs., Inc.*, No. CV-12-8487-JCB, 2014 U.S. Dist. LEXIS 12938, at *26-28 (C.D. Cal. Jan. 7, 2014), two
-3-
Case No. 12CV3000 AJB DHB
Defendant's Response to Plaintiffs' Notice
6909719

district court cases from within this Circuit.[3] Both cases hold that refund programs can be "superior" methods for the purposes of Rule 23(b)(3). *Id.* And as Maybelline's refund program provides full refunds of purchase, it offers superior relief to that sought by Plaintiffs in this action. (Opposition Brief at 20-22.)

Dated: April 17, 2014

Respectfully submitted,

PATTERSON BELKNAP WEBB & TYLER LLP

By: */s/ Frederick B. Warder III*
    Frederick B. Warder III

1133 Avenue of the Americas
New York, New York 10036
(212) 336-2121

GORDON & REES LLP
Miles D. Scully (SBN 135853)
Allison F. Borts (SBN 197895)
101 W. Broadway, Suite 2000
San Diego, CA 92101
(619) 696-6700

*Attorneys for Defendant*
MAYBELLINE, LLC

---

[3] In *Forcellati*, it appears that Defendants cited only a district court case from outside the Ninth Circuit. *Forcellati*, at 14 ("[Defendants' superiority] argument exclusively relies on a Northern District of Illinois case that was later overturned by the Seventh Circuit.").

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list.

Dated: April 17, 2014

*/s/ Frederick B. Warder III*
Frederick B. Warder III